```
                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF KENTUCKY
                          LEXINGTON DIVISION
```

IN RE:

FRED ALLEN

DEBTOR                                             CASE NO. 08-51728


J. JAMES ROGAN, TRUSTEE                            PLAINTIFF


VS.                                                ADV. NO. 09-5007


MILA, INC.; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.;
DEUTSCHE BANK NATIONAL TRUST COMPANY;
AMERICAN GENERAL FINANCIAL SERVICES, INC.;
TAMMY HORN ALLEN                                   DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the court on cross-Motions for Summary Judgment by the Plaintiff and Defendant Deutsche Bank National Trust Company, Inc. ("Deutsche Bank" or the "Defendant"). The Plaintiff/Trustee's Complaint asserts an action to avoid a mortgage lien pursuant to Bankruptcy Code section 544 which affords him his "strong arm" powers. The Plaintiff has admitted in later filings that he cannot avoid the timely and properly recorded mortgage document. This notwithstanding, he contends that his status as a judicial lien creditor or bona fide purchaser affords him the ability to attack the underlying note as not having been properly endorsed, and that by attacking the promissory note, he is allowed to avoid the mortgage lien. This court has jurisdiction of this matter pursuant to 28 U.S.C. §1334(b); it is a core proceeding pursuant to 28 U.S.C.

1

§157(b)(2)(K).

   1.   <u>Factual and procedural background</u>

   On September 16, 2005 the Debtor purchased certain real estate and improvements in Berea, Madison County, Kentucky (the "Property"). In that regard, he executed a promissory note (the "Note") in the original amount of $112,800.00 in favor of Defendant MILA, Inc. ("MILA"). As security for the Note, the Debtor executed a mortgage (the "Mortgage") encumbering the Property in which MILA was identified as "Lender," and Defendant MERS, Inc. ("MERS"), acting solely as nominee for Lender and Lender's successors and assigns, was identified as "Mortgagee." The Mortgage was filed for record on October 21, 2005, in the Madison County Clerk's office.

   The Affidavit of Kevin Flannigan, Senior Litigation Processor for Litton Loan Servicing, LP ("Litton") establishes the following undisputed facts: Deutsche Bank, as Trustee under the "Pooling and Servicing Agreement dated as of January 1, 2006, GSAMP Trust 2006-HE1," ("PSA") purchased the subject Note and Mortgage on January 6, 2006. On the same date, the original Note and Mortgage were delivered and transferred to Deutsche Bank or its custodial agent pursuant to the PSA. The Note is endorsed in blank. Deutsche Bank, as Trustee, is the current holder and owner of the Note and Mortgage. Litton is the servicer of loans contained in the securitization and governed by the PSA. The Note and Mortgage are contained in, and are a part of, the GSAMP Trust 2006-HE1 securitization. Nathan L. Swehla, counsel for the Defendant, has also tendered an Affidavit which states that he is in possession of the Note, a copy of which is attached to his Affidavit. Swehla's Affidavit explains that the endorsement of the

Note appears on the back side of page 4 of the Note, but for purposes of electronic filing in this matter, that page was copied onto a separate sheet of paper. There are no affidavits in the record in support of the Plaintiff's position.

The Debtor filed his Chapter 7 case in this court on July 3, 2008 (the "Main Case"). Litton is listed on the Debtor's Schedule D - Creditors Holding Secured Claims as the mortgage holder on his house and lot. Deutsche Bank, by Litton, filed a Motion for Relief from Automatic Stay and Abandonment (the "Motion")(Main Case Doc. # 10) on July 28, 2008, with a proof of claim and copy of the Mortgage attached. The Proof of Claim named Litton as the creditor.[1] The Trustee (Plaintiff herein) filed an Objection (Main Case Doc. # 11) in which he stated that neither the Motion nor the Proof of Claim had a copy of the executed Note attached, and that there was no copy of an assignment from MILA to Deutsche Bank. On September 10, 2008, Deutsche Bank withdrew the Motion for Relief from Automatic Stay and Abandonment.

The Trustee timely commenced this adversary proceeding with the filing of his Complaint to Determine Validity, Extent and Priority of Liens and for Sale of Real Property. This matter is before the court on the cross-motions for Summary Judgment filed by the Trustee and Deutsche Bank. Defendant American General Financial Services, Inc., the second mortgage holder on the Property, has also filed a Motion

---

[1] Litton filed an Amended Proof of Claim on May 13, 2009, which named MERS as the creditor; it filed a Second Amended Proof of Claim on May 14, 2009 naming Deutsche Bank as the creditor.

for Summary Judgment joining in the Trustee's Motion (Doc. #49).[2]

This matter was taken under submission following a hearing held June 3, 2010.

2.   Discussion

The Plaintiff's Complaint maintains that his interest in the subject property is superior to that of the Defendants by virtue of his acquiring the status of a judicial lien creditor under section 544(a)(1) as of the commencement of the Debtors' case. That subsection provides:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by–
>    (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

11 U.S.C. § 544(a)(1). The Defendant's Motion addresses this contention stating that the Plaintiff's acquisition of the status of a judicial lien creditor upon the commencement of a bankruptcy case is ineffective for the purpose of asserting a superior lien in the face of a prior and properly perfected mortgage lien. The Plaintiff/Trustee does not dispute that the Mortgage document was properly recorded, or that it provides constructive notice to third parties and prospective purchasers that it is a valid first lien upon the Property. In fact, he states in his Response that he "is not

---

[2]The Plaintiff filed a Motion to Compel American General to release its mortgage (Doc. # 56) which the court sustained at a hearing on May 13, 2010.

4

seeking to avoid any interest in the recorded mortgage that secures payment of the September 16, 2005 note."

In a case interpreting Ohio law, *Drown v. Wells Fargo Bank, N.A., et al. (In re Scott)*, 424 B.R. 315 (Bankr. S.D. Ohio 2010), the court considered several cases (consolidated for purposed of decision) in which trustees brought adversary proceedings to avoid mortgage liens, based on alleged defects in the execution of deeds through which the debtors acquired their property, not on any defect in the mortgages. The court ruled that the debtors had equitable interests in their respective properties which were capable of being mortgaged. Even if that were not the case, however, the court ruled that the mortgages, having been perfected by proper recording by the time the debtors filed their bankruptcy cases, were not avoidable by the trustees in exercise of their strong-arm powers:

> Section 544(a)(1) grants each of the Trustees the status of a hypothetical lien creditor who is deemed to have perfected his interest as of the date of the filing of the bankruptcy petition, and also grants the Trustees the power to avoid transfers of property that could be avoided by a judicial lien creditor. . . . That is, the strong-arm powers of section 544(a)(1) give the trustee the status and power of a creditor who obtains a judgment lien against the property of the debtor at the time the petition is filed. A perfected mortgage is superior to a later-recorded judicial lien. A trustee, therefore, cannot avoid a mortgage under § 544(a)(1) if the mortgagee's interest is perfected.

*In re Scott*, 424 B.R. at 327 (internal quotations and citations omitted). The Plaintiff has not contended that Kentucky law would be interpreted any differently.

The Plaintiff's Response does not address the effect of the Defendant's prior and superior lien on his attempted exercise of his strong-arm powers. Instead, he frames the issue as the alleged

5

failure of MILA to endorse the Note[3] contending that the holder of an unendorsed note cannot enforce payment of the note; therefore a trustee, in the capacity of a judicial lien creditor, can enforce payment of the judicial lien by selling the property free and clear of any claim by a holder of an unendorsed note.  What the Plaintiff cannot get passed, however, is that his "judicial lien" is inferior to the Defendant's perfected lien.  To prevail, the Trustee must be able to establish that a judicial lien creditor could assert a superior lien on the date of the bankruptcy filing -- in this regard, a Trustee's powers are <u>limited by</u> section 544(a)(1) -- if a judicial lienholder cannot avoid the mortgage, the Trustee has no other power to prevent the mortgagee from foreclosing on its properly perfected mortgage.

This notwithstanding, as reviewed <u>supra</u>, the Defendant has established ownership of the Note.  *In re Cook*, 457 F.3d 561, 565 (6th Cir. 2006), another case involving the Plaintiff herein, disposes of this issue where the undisputed evidence is that the Note was endorsed in blank.

In conclusion, each of Plaintiff's arguments, whether on his own behalf or in opposition to the Defendant, are based on the contention that he can ignore his failure to establish a lien position superior to that of the Defendant under section 544. The Plaintiff cannot overcome that failure, and cannot prevail in this matter.

This Memorandum Opinion includes the court's findings of fact and conclusions of law.  By separate Order, Defendant Deutsche Bank's

---

[3] As noted <u>supra</u>, this "allegation" is squarely addressed by the Defendant's uncontroverted affidavits.

Motion for Summary Judgment shall be GRANTED, and the Plaintiff's and American General Financial Services, Inc.'s Motions for Summary Judgment shall be DENIED.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge
Dated: Wednesday, August 11, 2010
(tnw)**